PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLE L. HUGHES, *et al.*, | ) | |
| | ) | CASE NO. 5:10CV1781 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOHN B. McCARTHY, Medicaid Director, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 53] |

Pending is Plaintiffs' Motion for Attorney Fees and Costs (ECF No. 53). As prevailing parties under 42 U.S.C. § 1988, Plaintiffs seek $90,702.50 in attorneys' fees and $1,832.81 in costs for the effort expended pursuing the substantive claims in this case. Plaintiffs also seek a 35% multiplier to the proposed lodestar amount. The Court has been advised, having reviewed the parties' briefs and submissions, and the applicable law. The Court has also considered the entire record in this matter, and being otherwise advised in the premises, grants the motion in part.

**I.**

Plaintiffs Carole and Harry Hughes and Lester and Thelma Bardin[1] brought the within non-class action pursuant to 42 U.S.C. § 1983 against Defendant in his official capacity as

---

[1] On August 22, 2012, Plaintiffs Lester and Thelma Bardin were dismissed as parties to the appeal.

(5:10CV1781)

Director of the Ohio Department of Job and Family Services ("ODJFS").[2]  On August 12, 2010, Plaintiffs filed a four-count Complaint for Declaratory and Injunctive Relief (ECF No. 1) in the case at bar.  Plaintiffs alleged that Defendant was violating federal and state Medicaid law through his interpretation and implementation of the annuity provisions of the Medicaid Act.  Count I was for violation of Plaintiffs' rights under the Medicaid Act.  Count II contended that an Ohio regulation was preempted by the Medicaid Act.  Count III, which addressed income issues, maintained that Ohio's regulations are preempted by the Medicaid Act.  Finally, Count IV asserted an equal protection violation.

Plaintiffs moved for preliminary injunction, and Defendant moved to dismiss.[3]  In May 2012, the Court granted Defendant summary judgment.  *Hughes v. Colbert*, 872 F. Supp.2d 612 (N.D. Ohio May 29, 2012).

On October 25, 2013, the Court of Appeals for the Sixth Circuit reversed in part the previous order of this Court and remanded the case for further proceedings.  *Hughes v. McCarthy*, 734 F.3d 473 (6th Cir. 2013) (ECF No. 28).  Defendant filed a petition for a writ of certiorari, which was denied on March 31, 2014.  *McCarthy v. Hughes*, 134 S.Ct. 1765 (2014) (ECF No. 35).

---

[2]  On December 30, 2014, Plaintiffs in *Wagner v. McCarthy*, No. 1:14CV0648 (S.D. Ohio filed Aug. 13, 2014) (Dlott, C.J.), filed a Second Amended Class Action Complaint for Declaratory and Injunctive Relief that includes class allegations.

[3]  On May 9, 2012, the Court furnished formal notice to the parties and lead counsel of record that it would treat Defendant's motion as one for summary judgment. *See* ECF No. 16 at PageID #: 187.

2

(5:10CV1781)

On June 26, 2014, Plaintiffs filed a Motion for an Order Granting Relief Requested in the Complaint (ECF No. 37).  On October 31, 2014, the Court denied the portions of the motion that were not moot.  *See* Memorandum of Opinion and Order (ECF No. 52).

## II.  Attorneys' Fees

The Supreme Court has indicated that the courts are to calculate attorney fees under the "lodestar" method.  *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (*Delaware Valley I*).  Under this methodology the number of hours reasonably expended by the attorney are multiplied by the attorney's reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014).  There is a "strong presumption" that the figure so calculated represents a reasonable fee.  *Delaware Valley I*, 478 U.S. at 565.  The lodestar, however, must be based on the "prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

While the burden of persuasion is on the fee applicant to document the hours and rates in the lodestar amount, *Hensley*, 461 U.S. at 437, the burden of production to challenge the reasonableness of the requested fee is on a party seeking an adjustment of that amount—Defendant in the case at bar, *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

**A.  Whether Ohio state courts are bound by *Hughes v. McCarthy*, 734 F.3d 473 (6th Cir. 2013)**

Plaintiffs state "[t]his legal issue has been litigated and is being re-litigated . . . in the First Ohio [Appellate] District."  ECF No. 56 at PageID #: 563.  Ohio state courts, however, are not

3

(5:10CV1781)

bound by lower federal court opinions. *See* ECF No. 55 at PageID #: 529 n. 1. The briefing of Plaintiffs' Motion for an Order Granting Relief Requested in the Complaint (ECF No. 37), as well as the within motion, reflect a misunderstanding or an unwillingness by Plaintiffs' counsel to accept the ruling of the Supreme Court of Ohio in *State v. Burnett*, 93 Ohio St.3d 419 (2001). It provides, in pertinent part:

> . . . It has long been settled that the Supremacy Clause binds state courts to decisions of the United States Supreme Court on questions of federal statutory and constitutional law. The United States Supreme Court has not, however, indicated whether state courts are bound by inferior federal court decisions.
> \* \* \*
> From a historical perspective, the prospect that states would disregard federal law was the catalyst for the inclusion of the Supremacy Clause in the Constitution. The intention of the drafters of the United States Constitution to extend the application of the Supremacy Clause to any federal court that would later be created, however, has not been definitively determined by the United States Supreme Court, and the federal courts of appeals are split on the issue. . . .
> \* \* \*
> We therefore conclude that we are not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court. We will, however, accord those decisions some persuasive weight.

*Id.* at 422-24 (internal citations omitted).

### B. Hourly Rate

Plaintiffs' counsel seek varying hourly rates. William J. Browning, Esq. and Richard F. Meyer, Esq. claim a $435 hourly rate. David S. Banas, Esq. and Davis S. Arndt, Esq. request a $205 hourly rate. Plaintiffs also claim a $125 hourly rate for time spent by law clerks. ECF No. 53-2 at PageID #: 481. In support of their request, Plaintiffs have submitted the Declaration (ECF No. 53-2) and curriculum vitae (ECF No. 53-5) of William J. Browning. Plaintiffs also provide the Affidavits of Janet L. Lowder (ECF No. 53-3) and Lawrence A. Frolik (ECF No. 53-

(5:10CV1781)

4),[4] two experts who have reviewed the itemized time and expense records (ECF No. 53-2 at PageID #: 483-96) and the decision of the Sixth Circuit in *Hughes v. McCarthy*, 734 F.3d 473 (6th Cir. 2013) (ECF No. 28).  Attorney Lowder and Professor Frolik also attest to the prevailing market rates of compensation for attorneys in the relevant legal market for similar work.  Finally, Plaintiffs submit a Letter (ECF No. 56-1) approved by 28 Ohio attorneys urging the Court to approve the fee as requested.

Defendant argues the Court should not award the requested hourly rate of $435 for lead counsel of record and his partner.  ECF No. 55 at PageID #: 531-34.[5]  Defendant posits that "a reasonable hourly rate for the lodestar hourly rate for Attorneys Browning and Meyer here would be $250 to $300."  ECF No. 55 at PageID #: 534.

Defendant relies upon a report from the Ohio State Bar Association entitled *The Economics of Law Practice in Ohio in 2013, A Desktop Reference*,[6] a published market survey, as a resource to measure the hourly rates in question from the standpoint of the market.  The report indicated that the average hourly billing rate for law firms the size of Browning & Meyer Co., LPA (which currently is five lawyers)[7] was $237.  *See id.* at 39.  The rate at the 75th

---

[4] Not all of the pages of Prof. Frolik's Affidavit were filed due to an apparent scanning error.

[5] He does not object to the hourly rates for Attorneys Banas and Arndt or the rate for time spent by law clerks.

[6] ECF No. 55-3.  The 2013 report is available in its entirety at https://www.ohiobar.org/2013econstudy (last visited Sept. 25, 2015).

[7] http://www.elderlaw.us/ (last visited Sept. 29, 2015).

5

(5:10CV1781)

percentile for such firms was $250. *See id.* Plaintiffs' counsel's firm is located in Worthington, Ohio, a suburb of Columbus. The average hourly rate billed by suburban Columbus firms was $213, and was $250 at the 75th percentile. *See id.* Lawyers with Attorney Browning's years of experience (which currently is almost 32 years) billed at an average rate of $249, with the 75th percentile being $300. *See id.* And, for lawyers specializing in elder law, the average hourly rate was $261, and the rate at the 75th percentile for elder law was $300. *See id.* at 40.

The undersigned has previously approved the use of Ohio State Bar Association report in ruling upon an application for attorney fees. In *Cogar v. Astrue*, No. 5:11CV1585, 2012 U.S. Dist. LEXIS 184201, at *3 (N.D. Ohio Nov. 13, 2012) (Pearson, J.), the Court found that the "Midwest Urban CPI" and Ohio State Bar Association report entitled *The Economics of Law Practice in Ohio* sufficient evidence to warrant an increase in the hourly rate.

The Court finds that the $435 hourly rate of compensation requested by Plaintiffs for Attorneys Browning and Meyer is not within the reasonable hourly rate of compensation for attorneys in the relevant market area. The Court concludes that an hourly rate of $300 is reasonable for attorneys of Messrs. Browning and Meyer's skill and experience. *Braun v. Ultimate Jetcharters, Inc.*, No. 5:12CV1635, 2014 WL 3749418, at *16 (N.D. Ohio July 30, 2014) (Lioi, J.) (citing the *Desktop Reference* as a basis for reducing hourly rate of counsel); *Libertarian Party of Ohio v. Husted*, Case No. 2:11-cv-722, 2013 WL 4833033, at *5 (S.D. Ohio, Sept. 11, 2013) (finding $300, a rate awarded in similar cases in the district around that time, to be sufficient to attract competent counsel to undertake an "inherently complex" § 1983 voting rights case when counsel had "obtained all the relief sought by his clients").

6

(5:10CV1781)

### C. Reasonableness of the Number of Hours Expended

In support of their request that their attorneys be compensated for a total of 332.9 hours, Plaintiffs have submitted itemized time and expense records (ECF No. 53-2 at PageID #: 483-96). Defendant argues the Court should not award fees for time spent on other cases, time spent on unsuccessful motions, or time spent on purely clerical work. ECF No. 55 at PageID #: 528-31. Defendant does not quantify its objections to the reasonableness of the hours billed, which makes the task more difficult for the Court. Therefore, the Court has attached a copy of Plaintiffs' itemized time and expense records as Exhibit A. The hours that have been excluded, for the reasons stated below, have been highlighted.

Defendant identifies the Aug-11-10, Aug-12-10, Sep-24-10, Oct-05-10, Mar-07-14, Apr-07-14, and Apr-10-14 entries in the fee calculation as times when Plaintiffs' counsel provided services on legal matters unrelated to the current litigation. ECF No. 55 at PageID #: 528-29. Plaintiffs reply they should be compensated for those fees attributable to asking the state courts to stay their matters so that the parties could litigate the federal issues in this Court. ECF No. 56 at PageID #: 564-65.[8] The Court approves the hours billed for the state court motion to stay and excludes the Mar-07-14 entry regarding "Common Pleas," as well as the Apr-07-14 and Apr-10-14 entries. The Court also excludes the Jun-27-14 entry when Plaintiffs' counsel provided services on an "administrative appeal decision ignoring [*Hughes*]" and reviewed a decision that was made in the *Wagner* case— legal matters that are not compensable in the current litigation.

---

[8] Without explanation of how the total amount claimed is calculated, Plaintiffs state "[t]he total amount expended for the State Court Motion to Stay is One Thousand Six Hundred Six and 50/100 Dollars ($1,606.50)." ECF No. 56 at PageID #: 564-65.

(5:10CV1781)

Defendant also requests that Plaintiffs not be awarded attorneys' fees for the hours expended on the unsuccessful Motion for Injunction (ECF No. 15), filed on May 3, 2012.  ECF No. 55 at PageID #: 529.  The Court previously found:

> Though Plaintiffs claim that one or both of the institutionalized spouses may be evicted from their nursing facilities, eviction is not imminent for either of them. On May 8, 2012, the representative for Mrs. Hughes came to an agreement with Hanover House (the nursing home that proposed eviction) that her eviction hearing would be continued indefinitely until after the Court resolves the entire case at bar.  *See* Decision of Hearing Officer (ECF No. 21-1) at 4.  Moreover, Mr. Bardin's nursing facility has not initiated the discharge and transfer process.

Memorandum of Opinion and Order (ECF No. 22) at PageID #: 271 (footnote omitted). Therefore, Plaintiffs will not be compensated for the time listed for this motion because the institutionalized spouses were not at risk of losing their access to nursing home care.  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 427 (2d Cir. 1999) (fees should not be awarded for time spent on plaintiff-employee's unsuccessful motion for a new trial, under Title VII's fee-shifting provisions).  The Court excludes from the hours billed the Feb-27-12 entry regarding "Discussion with Associate on injunctive relief," as well as the Feb-29-12, Mar-06-12, Mar-08-12, Mar-13-12, Mar-15-12, Apr-25-12, and May-03-12 entries.

In addition, Defendant requests that Plaintiffs not be compensated for the hours expended on the Motion for an Order Granting Relief Requested in the Complaint (ECF No. 37), filed on June 26, 2014.  Contrary to Plaintiffs' statement that it occurred in July 2014, ECF No. 56 at PageID #: 566, payment to Hanover House a/k/a Avis Leasing Company LLC (Mrs. Hughes's nursing home) had been made on June 11, 2014.  Affidavit of Julie Davis (ECF No. 55-2) at PageID #: 546, ¶¶ 6-7; PageID #: 547-52.  Moreover, Plaintiffs' counsel had been informed by

8

(5:10CV1781)

Defense counsel three (3) weeks before the motion for relief was filed, *i.e.*, on June 5, 2014, that payment was either already made or was going to be made. Affidavit of Rebecca L. Thomas (ECF No. 55-1) at PageID #: 538, ¶ 4; PageID #: 540-41. These facts fly in the face of Plaintiffs' statements in the within motion for fees that the motion for relief "was a critical tactical move to force Defendant to promptly pay the nursing home bill and lift the period of restricted coverage" and that it was only Plaintiffs' "continued litigation efforts" that afforded relief to Plaintiffs. ECF No. 53-1 at PageID #: 472. Communication by Plaintiffs' counsel with either Defense counsel, the nursing home, or counsel's own clients would have allowed Plaintiffs' counsel to monitor the situation and confirm that payment had occurred as promised. Thus, Plaintiffs will not be awarded attorneys' fees for the time listed for the motion for relief and reply memorandum in support because Plaintiffs' counsel knew or should have known before filing the motion for relief that payment to Hanover House had already been made. That is why on October 31, 2014, the Court denied the portions of the motion for relief that were not moot. Memorandum of Opinion and Order (ECF No. 52).

Defendant's blanket statement that "[v]irtually no time by Plaintiffs' counsel after May 2014 should be credited here" is woefully deficient. ECF No. 55 at PageID #: 530. As previously stated, the burden of production to challenge the reasonableness of the requested fee is on Defendant—the party seeking an adjustment of the amount. *Rode*, 892 F.2d at 1183. Defendant does not address with sufficient specificity the 21 entries after May 2014. The Court will, however, exclude from the hours billed entries that specifically reference the briefing on the

9

(5:10CV1781)

motion for relief, *i.e.*, the Jun-09-14, Jun-10-14, Jun-11-14, Jun-12-14, Jun-25-14, Jun-26-14, July-17-14, Jul-25-14, and Jul-29-14 entries.

Finally, the Court agrees with Defendants' request that Plaintiffs not be awarded attorneys' fees for the 13.8 hours expended on purely clerical work.  See *Gibson v. Scott*, No. 2:12-cv-1128, 2014 WL 661716, at *4 (S.D. Ohio Feb. 19, 2014) (court declined to award attorney's fees for "purely secretarial and nonlegal services").  The Court excludes from the hours billed the Aug-31-11, Sep-01-11, Jun-28-12, Jul-30-12, Aug-17-12, Aug-20-12, and Aug-31-12 entries.[9]

The Court finds that all other hours are not excessive and were reasonably expended in the prosecution of the case at bar.

### D. Enhancement

Plaintiffs seek a 35% enhancement of the lodestar amount due to "the existence of extraordinary circumstances and superior legal performance."  ECF No. 53-1 at PageID #: 476. Plaintiffs assert this case was effectively a "contingent hourly" case.  ECF No. 56 at PageID #: 563 and 567.  While the Court empathizes with counsel for Plaintiffs' predicament and their desire to be awarded a fee based on the contingency aspect of the fee agreement with their clients, federal fee shifting statutes typically do not provide for enhancements of fees in order to

---

[9] There appears to be a typographical error in the memorandum in opposition. Defendant objects to the "6/24/12" entry.  *See* ECF No. 55 at PageID #: 531.  There isn't an entry for 6/24/12.  *See* ECF No. 53-2 at PageID #: 486-87.

(5:10CV1781)

compensate for the risk of nonpayment when an attorney takes a case on a contingency basis.[10]
*City of Burlington v. Dague*, 505 U.S. 557, 562-63 (1992) (federal fee shifting statutes which authorize a court to award reasonable attorney's fee to a prevailing or substantially prevailing party do not authorize fee enhancements for the purpose of compensating attorneys hired on a contingency basis for the risk of loss); *see also Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 381 (6th Cir.1993) (No fee enhancement due counsel for taking a case which impinges significantly on a small law practice's ability to take other cases); *Coulter v. Tennessee*, 805 F.2d 146, 149 n. 4 (6th Cir.1986) ("In short, the lodestar figure includes most, if not all, of the relevant factors comprising a 'reasonable' attorney's fee, and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance.") (citing *Delaware Valley I*).

To justify an enhancement, Plaintiffs must present "specific evidence" supporting an upward departure. Plaintiffs have not pointed to any specific evidence showing that an enhancement is warranted. Counsel for Plaintiffs want credit for being the first in the Sixth Circuit—a precedent that is unsustainable. An enhancement is not determined by the effect of

---

[10] In fact fee arrangements, including those resulting from fee shifting statutes are largely determined up front, at the start of litigation. Counsel and client usually do not wait until the end of litigation to decide how much counsel's effort was worth to the client, or as suggested in this case, the effect "on the elderly population." ECF No. 53-1 at PageID #: 476. Rather, the fee is determined by the effort and talent of counsel; both of which are accounted for by the hourly rate and the number of hours expended.

To follow Plaintiffs' lead would result in subjective and, therefore, variant post-litigative fee determinations, making it hard to weigh risks at the outset of litigation, among other ills. Also, what plaintiff would sign a blank check, agreeing that counsel, at the end of the engagement, can fill in his own fee?

(5:10CV1781)

the win. They contend "[e]ven Defendant has impliedly acknowledged that *Hughes* has been a test case." ECF No. 53-1 at PageID #: 477. What Plaintiffs' counsel fails to give proper weight is that counsel agreed to prosecute the claims in this matter. And, even though the results may be further reaching, the benefits are not so easily quantifiable. Nor should they be. Therefore, the Court will not grant Plaintiffs' requested fee enhancement.

For his part, Defendant argues that a downward departure from the lodestar is warranted to account for the delay and expense of Plaintiffs' Motions for Injunction (ECF No. 15) and for an Order Granting Relief Requested in the Complaint (ECF No. 37). ECF No. 55 at PageID #: 535-36. The Court has already limited the scope of the award. Therefore, no further adjustment is necessary or warranted.

### III.  Costs

Plaintiffs request costs of $1,832.81. Defendant is not contesting the costs. ECF No. 55 at PageID #: 528.

### IV.

For the reasons stated herein, Plaintiffs' Motion for Attorney Fees and Costs (ECF No. 53) is granted in part and denied in part. The adjusted lodestar amount in fees that Plaintiffs are awarded is $62,040.50 as detailed below.

|  | **Hours** | **Rate** | **Adjusted Lodestar** |
|---|---|---|---|
| **Attorney** | | | |
| William J. Browning | 90.2 | $300 | $27,060.00 |
| Richard F. Meyer | 10.1 | $300 | $ 3,030.00 |

(5:10CV1781)

| | | | |
|---|---|---|---|
| David S. Banas | 112.6 | $205 | $23,083.00 |
| David S. Arndt | 6.0 | $205 | $ 1,230.00 |
| **Law Clerk** | | | |
| David S. Banas | 50.6 | $125 | $ 6,325.00 |
| David S. Arndt | 10.5 | $125 | $ 1,312.50 |
| **Total** | 280.0 | | $62,040.50 |

Furthermore, the Court orders that Plaintiffs be reimbursed for $1,832.81 in costs.

IT IS SO ORDERED.

September 30, 2015                      /s/ Benita Y. Pearson
Date                                                 Benita Y. Pearson
                                                          United States District Judge